**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

FREDREKA ESSIEN                                                                                       PLAINTIFF

vs.                                                                          Civil Action No. 3:05-cv-116HTW-JCS

CRYSTAL SPRINGS HOUSING
ASSOCIATES, LTD, d/b/a JACKSON
STREET APARTMENTS                                                                             DEFENDANT

### ORDER DENYING REMAND

Before this court is plaintiff's motion to remand **[docket #3]** this lawsuit to the Circuit Court of Copiah County, Mississippi.  Plaintiff here is Fredreka Essien, a Mississippi resident, who has filed her motion to remand pursuant to Title 28 U.S.C. § 1447(c).[1]  The defendant herein is Crystal Springs Housing Associates, LTD, an Alabama insurance corporation doing business in Mississippi as Jackson Street Apartments. In her complaint, plaintiff requests relief under the asserted state law claims of negligence, gross negligence, negligent infliction of emotional distress, breach of contract, and breach of statutory duties, which all arise out of injuries allegedly sustained on defendant's property.

At the core of plaintiff's motion to remand is Title 28 U.S.C. § 1332, which provides in pertinent part that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest

---

[1]Title 28 U.S.C. § 1447(c) provides in pertinent part that "[a] motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a). . . .  If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

and costs, and is between Citizens of different States." The operative clauses of § 1332 require the satisfaction of two prongs: diversity of citizenship and the requisite amount in controversy. Plaintiff contends that the requisite amount in controversy is not featured here. Defendant counters, arguing that, in the aggregate, plaintiff's claims for compensatory and punitive damages exceed the statutory minimum of $75,000.00, exclusive of costs and interest. Convinced that defendant's argument has merit, this court denies plaintiff's motion to remand for the reasons which follow.

The parties do not challenge that the diversity of citizenship requirement for federal diversity jurisdiction is present in this case. Plaintiff here is a citizen of the State of Mississippi. The defendant is a corporate entity domiciled in the State of Alabama. The parties, thus, are diverse in citizenship. *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806).

As earlier mentioned, plaintiff contends that her claims do not rise to this court's minimum jurisdictional threshold. She asserts that her Second Amended Complaint clearly disclaims any damage award in excess of $75,000.00, exclusive of costs and interest.

The court is not persuaded. The federal jurisprudence relative to "amount in controversy" disputes clearly holds that in instances where a complaint does not allege a specific amount of damages, a district court may determine that removal is proper if it is facially apparent from the state court petition that the value of plaintiff's claims are likely above $75,000.00. *Allen v. R & H Oil & Gas Company*, 63 F.3d 1326, 1335 (5th Cir. 1995). In making this determination, the court should determine the amount in controversy

2

based on the facts present at the time of the filing of the complaint. *White v. FCI USA, Inc.,* 319 F.3d 672, 674 (5th Cir. 2003).

While it is true that the *ad damnum* clause of plaintiff's Second Amended Complaint requests a damages award "within the jurisdictional limits of [the state circuit] court and below the amount necessary to fulfill Federal Diversity Jurisdictional Requirements [sic], for such compensatory damages as the jury deems just . . . ";  the clause also explicitly prays for, *inter alia*, punitive damages and attorney's fees. (Complaint, at 9-10). The Second Amended Complaint does not limit the request for punitive damages to an amount below the threshold amount necessary to trigger federal diversity of citizenship jurisdiction.

Mississippi Circuit Courts have no jurisdictional maximum. MISS. CODE ANN. § 9-7-81 (West. Ann. 2003). As such, plaintiff's complaint essentially limits its prayer for compensatory damages to $75,000.00. While plaintiff claims that her compensatory damages are approximately $7,000.00 in medical expenses, given the myriad of additional compensatory damages outlined by plaintiff --- (1) past, present, and future pain and suffering;  2) past, present, and future mental anguish;  3) past, present, and future injuries to multiple parts of her body;  4) past, present, and future loss of enjoyment of life;  future medical expenses;  lost wages;  and loss of wage earning capacity --- the court determines that the total amount of compensatory damages could likely rise above $75,000.00, punitive damages and attorney fees withstanding.[2]

---

[2] In fact, in a letter to the defendant, plaintiff predicts that if this lawsuit is remanded back to the state court she expects a verdict in excess of $150,000.00.

Plaintiff further fails to take into account Mississippi's law regarding attorney fees when punitive damages have been awarded. The Fifth Circuit has held that attorney's fees may be included in the computation of the actual amount in controversy if attorney's fees are recoverable under the applicable law of the case. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Foret v. Southern Farm Bureau Life Insurance Company*, 918 F.2d 534, 537 (5th Cir. 1990). Under Mississippi law, "[a]ttorney's fees are not recoverable as an element of damages unless the infliction of punitive damages is justified." *Aetna Casualty & Surety Company v. Steele*, 373 So.2d 797, 801 (Miss. 1979); *see also Central Bank of Mississippi v. Butler*, 517 So.2d 507, 512 (Miss. 1987) (noting that in the absence of contractual provisions or statutory authority, attorneys' fees may not be awarded as damages under Mississippi law *unless punitive damages are also proper*). So, under Mississippi law, if punitive damages are awarded, then an award of attorney's fees is justified. Accordingly, because plaintiff may be entitled to punitive damages and attorney's fees, this court concludes that plaintiff's complaint urges enough to show that the amount in controversy for federal court subject matter jurisdiction threshold has been met.

## **CONCLUSION**

This court finds that defendant properly removed this lawsuit from state court to this federal forum.  The parties are diverse in citizenship and this case features the requisite amount in controversy.  The court, therefore, denies plaintiff's motion to remand **[docket # 3]**.

The parties are directed to contact the assigned Magistrate Judge within ten (10) days of the date of this Order to schedule a Case Management Conference.

**SO ORDERED, this the 15th day of March, 2006.**

**s/ HENRY T. WINGATE**

**CHIEF UNITED STATES DISTRICT JUDGE**

Civil Action No. 3:05-cv-116HTW-JCS
Order Denying Motion to Remand